UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC L. SWEARENGEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:13 CV 404 CDP |
| | ) |
| JENNIFER SACHSE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Eric Swearengen for a writ of habeas corpus, pursuant to 28 U.S.C. § 2554.  I will deny the petition for the writ because none of petitioner's claims were properly presented to the state courts and so they are procedurally barred.

**Background**

Petitioner, Eric Swearengen, is currently incarcerated in the Tipton Correctional Center, pursuant to the judgment of the St. Louis City Circuit Court. Swearengen was convicted by a jury of second-degree trafficking, Section 195.223, R.S.Mo., and possession of marijuana under 35 grams, Section 195.202, R.S.Mo. He was sentenced as a prior drug offender to ten years of imprisonment for the second-degree trafficking conviction and a concurrent term of one day of imprisonment for the marijuana possession.  His motion for a new trial was denied,

1

and that denial was affirmed on appeal. *State v. Swearengen*, 326 S.W.3d 501 (Mo. Ct. App. 2010).

Swearengen filed a post-conviction motion under Missouri's Rule 29.15, which was later amended by appointed counsel. The trial court denied the post-conviction motion after conducting a hearing. The Court of Appeals affirmed the denial of post-conviction relief. *Swearengen v. State*, 390 S.W.3d 263 (Mo. Ct. App. 2013); Respondent's Exh. 4.

Petitioner filed his § 2554 petition with this court asserting the following grounds for relief: (1) counsel was ineffective because she did not have the necessary experience to try this case, as shown by her opening statement; (2) the prosecution committed misconduct by presenting perjured testimony of the arresting police officers; (3) the police officers planted drugs in petitioner's car; and (4) the trial court erred in allowing the case to go forward with tainted evidence.

## Discussion

Respondent argues that all of Swearengen's claims are procedurally barred, because he failed to raise them properly in the Missouri courts. I agree.

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Sweet v. Delo*, 125 F.3d

2

1144, 1149 (8th Cir. 1997).  Failure to raise a claim in a post-conviction appeal results in abandonment of that claim.  *Sweet*, 125 F.3d at 1150 (citing *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996)).

A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims . . . is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." *Sweet*, 125 F.3d at 1151 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc).  "Fairly present" means that state prisoners are required to "'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' . . . ." *Id*. at 411-12 (quoting *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993)).  A state law claim raised in state court that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." *Id*. at 412 (citing *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

The Supreme Court has held that a state prisoner can overcome a procedural default if he or she can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S.

at 750.  The Court explained that "'the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"  *Id*. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Furthermore, to establish actual prejudice, a petitioner must demonstrate that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982).  In order to assert the fundamental miscarriage of justice exception, "a petitioner must present new reliable evidence that he was innocent of the crime of which he was convicted."  *Storey v. Roper,* 603 F.3d 507, 524 (8th Cir. 2010) (citing *House v. Bell*, 547 U.S. 518, 537 (2006)).

*Ground 1- Ineffective Assistance of Counsel*

Swearengen's first claim is that he received constitutionally ineffective assistance of counsel because his counsel was inexperienced.  He argues that this was evident in his counsel's opening statement.  In his original pro se motion for post-conviction relief filed in state court, Swearengen asserted eight claims that his trial counsel was ineffective, but this claim was not one of them.  In the amended motion, appointed counsel supplemented one of those claims of ineffectiveness, but still did not raise this claim.

4

Swearengen's failure to raise this claim of ineffectiveness constitutes a procedural default.  He has not attempted to show cause and prejudice or a fundamental miscarriage of justice that would excuse the default, so the claim is procedurally barred.  Swearengen also has not attempted to argue the limited exception recognized in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), for situations where ineffective assistance of post-conviction counsel could be viewed as cause for failing to raise a claim of ineffective assistance of trial counsel.  That exception would not apply here in any event, because counsel cannot be deemed ineffective for failing to raise a baseless claim.

An ineffective assistance claim cannot be based solely on counsel's inexperience.  *United States v. Cronic*, 466 U.S. 648 (1984).  In *Cronic*, the Supreme Court rejected an ineffective assistance claim based on allegations that the appointed trial attorney was young, that his principal practice was in real estate, and that this was his first jury trial.  *Id.* at 665; *see also LaGrand v. Stewart*, 133 F.3d 1253, 1275 (9th Cir.1998) ("In considering a claim of ineffective assistance of counsel, it is not the experience of the attorney that is evaluated, but rather, his performance.").  The mere fact that the petitioner's counsel may have been inexperienced (which has not actually been shown here), absent a showing that her performance was deficient, is not a basis for finding ineffective assistance of

5

counsel. Additionally, petitioner has not pointed to anything in the opening statement that could constitute ineffective assistance.

Petitioner has not shown cause or prejudice that would excuse his failure to raise this claim in the state courts, and there is no fundamental miscarriage of justice in this case, so Ground 1 is procedurally barred.

*Grounds 2, 3, and 4 – Perjury Allegations and Evidentiary Issues*

Petitioner's remaining grounds all relate to his allegations that the witnesses against him presented false testimony. In ground 2 he claims the prosecution presented perjured testimony, in ground 3 he claims the police planted the drugs that were found in his car, and in ground 4 he claims that the trial court erred in allowing the case to go forward with this allegedly tainted evidence. First, this is really just a challenge to the evidentiary basis for the conviction, because these arguments were presented to the jury at trial. The jury convicted him, apparently rejecting these arguments about the evidence. Habeas relief is not available merely because a petitioner disagrees with the credibility determinations made by the trier of fact.

But to the extent the claims are that somehow that his due process rights were violated by a failure to present sufficient evidence, or by the prosecutions' knowing presentation of perjured testimony, the claims were never presented to the Missouri courts and so are defaulted. On direct appeal petitioner relied on the

6

single argument that the state had violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose the supposedly favorable evidence that one of the witnesses knew the testifying police officers.  The Court of Appeals rejected this claim.  And in the post-conviction motion, both as originally filed and as amended, petitioner argued that his Fourth Amendment rights were violated by an allegedly unlawful search and seizure, and he presented multiple claims of ineffective assistance of counsel, none of which are even remotely related to the claims raised here.

Again, petitioner has failed to show cause and prejudice for his failure to raise these claims properly in state court, and he has presented nothing that would show that there has been a fundamental miscarriage of justice or that he is actually innocent.

## **Conclusion**

All of petitioner's claims presented here are procedurally barred, and may not be considered by this court.  Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A).  To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right.  *Id.* § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a court could

7

resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of petitioner's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Eric Swearengen for writ of habeas corpus [#1] pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a Certificate of Appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Date this 13th day of November, 2013.